# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
July 9, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KATHY J. TAYLOR,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1029** (BOR Appeal No. 2049370)
(Claim No. 2013011004)

**WEST VIRGINIA DEPT OF CORRECTIONS**
**ST. MARY'S CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kathy J. Taylor, by Jonathan C. Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Department of Corrections St. Mary's Center, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 12, 2014, in which the Board affirmed a March 31, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 29, 2013, and April 30, 2013, decisions denying authorization of cervical spine surgery. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Taylor, a correctional officer, was injured on October 24, 2012, when she fell backwards on a broken chair and hit a wall. The claim was held compensable for cervical and lumbar sprains/strains. The employee's and physician's report of injury stated that the injury aggravated pre-existing neck pain. Ms. Taylor was treated at MedExpress from October 26, 2012, through June 27, 2013. Treatment notes indicate that she initially reported back pain, neck pain, and headaches but denied numbness or weakness in her extremities. On November 3, 2012,

1

she reported continued pain in her neck as well as numbness. However, on November 15, 2012, she reported pain but no weakness or numbness. Ms. Taylor underwent two MRIs on her cervical spine which showed reversal of the normal cervical lordosis centered at C4, moderate loss of disc space height from C4-C7, anterior osteophyte formation from C4-C7, high grade central canal and moderate right foraminal stenosis at C5-6, and moderate stenosis at C6-7.

In March of 2013, Ms. Taylor was referred to PARS Neurological Associates for surgical consultation. She was diagnosed with neck pain, herniated cervical disc, spinal stenosis in the cervical region, and spondylolisthesis. Rammy Gold, M.D., recommended cervical surgery because of the high risk of spinal cord injury due to severe stenosis. The claims administrator denied the request on April 30, 2013. On May 6, 2012, Christopher Martin, M.D., performed a record review in which he opined that Ms. Taylor sustained a cervical sprain as a result of the compensable injury. He stated that she did not experience a herniated cervical disc, spinal stenosis, or spondylolisthesis as a result of the injury. The findings seen on the MRIs were determined to be age-related degenerative findings. He stated that the MRIs note spurs, which are bony overgrowths that could not have arisen in the short time period of less than three months between the injury and the first MRI. Further, the fact that she has multilevel findings which are extensive and involve multiple joints in the cervical spine is consistent with degenerative changes. He stated that surgery may be indicated if an EMG shows that her symptoms are the result of her structure changes; however, neither the EMG nor the requested surgery are medically related to the compensable injury. Shortly thereafter, Dr. Gold opined in a medical statement that the claimant required surgery for her cervical spine. He stated that she was at high risk of spinal cord injury due to severe stenosis. The claims administrator again denied his request for authorization of cervical surgery on May 29, 2013.

Bruce Guberman, M.D., performed a record review on July 24, 2013, in which he opined that Ms. Taylor sustained a cervical sprain/strain and a disc injury due to the work-related injury. He found that she had underlying degenerative changes which were not symptomatic prior to the compensable injury but became symptomatic as a result of the injury. He therefore concluded that her current symptoms and need for surgery are related to the compensable injury. He further stated that she would not have symptoms, impairment, or the need for surgery if not for the work-related accident. Dr. Martin stated in a February 19, 2014, addendum that after reviewing additional records, he still believed that the findings seen on MRIs of the cervical spine are unrelated to the compensable injury. He opined that the requested surgery cannot be related to the work-related injury. He found no consistent documentation of neurological abnormalities. He stated that the mechanism of injury was relatively mild. He asserted that Dr. Gold, who requested the surgery, consistently states it is necessary for spinal stenosis. He opined that Ms. Taylor likely sustained a chronic cervical strain as the result of the compensable injury which should be managed with conservative treatment, not surgery.

The Office of Judges affirmed the claims administrator's decisions in its March 31, 2014, Order. It found that a preponderance of the evidence failed to show that the surgery was reasonably related and medically necessary to treat the work-related injury. It determined that Ms. Taylor did not experience significant neurological symptoms until three to four months after the injury occurred. An MRI showed very significant degenerative changes. The Office of

Judges stated that it is undisputed that the degenerative changes were pre-existing and very serious in nature. It determined that it was unlikely that the cervical surgery was necessary to treat the relatively minor compensable injury. It was noted that Dr. Gold, who recommended the surgery, stated that it was necessary for significant stenosis. The Office of Judges found that stenosis is narrowing of the spinal canal and is entirely the result of degenerative changes. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 12, 2014.

On appeal, Ms. Taylor argues that the record does not show neurological symptoms until months after the compensable injury because she was unable to obtain treatment until that time due to the claims administrator's delay in rendering a decision on the compensability of her injury. She further asserts that her pre-existing degenerative changes do not preclude treatment for a work-related injury. The West Virginia Department of Corrections St. Mary's Center argues that the requested surgery is unrelated to the compensable injury and the requesting physician, Dr. Gold, even stated that he was not sure if the surgery was necessary to treat the compensable injury or pre-existing degenerative changes. It further asserts that Dr. Guberman's opinion that the surgery was related to the compensable injury is not reliable as he was unaware of Ms. Taylor's pre-injury pain management treatment.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The only compensable cervical injury in the claim is a sprain/strain. The surgery was requested to treat severe spinal stenosis, a non-compensable condition caused by pre-existing degenerative changes. Although Ms. Taylor may require cervical spine surgery, the surgery is not reasonably related or medically necessary to treat the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3